In the Matter of the Application of ELIZABETH L. ENSIGN, as
Executrix, etc., to compel MARTIN S. CUYKENDALL, Receiver,
etc., to refund moneys, etc.

(Submitted March 11, 1884; decided March 21, 1884.)

MARTIN S. CUYKENDALL, as receiver of the Dodge & Stevenson Manufacturing Company, under an order of the Supreme Court, made an assessment of the stockholders of said company. H. J. Ensign, the petitioner's testator, was a stockholder, and upon his failure to pay the assessment against him, an action was brought to recover the same. That action was tried, and a verdict rendered therein in favor of plaintiff; without waiting for the entry of judgment Ensign paid the same with costs. Thereafter in another of the actions so brought this court held the assessment to be invalid. (*Cuykendall* v. *Corning*, 88 N. Y. 139.) Thereupon this application was made for an order requiring the receiver to refund to petitioner the money so paid. The Special Term granted the order asked for. This was, however, reversed by the General Term "without prejudice to any subsequent proceedings or suit."
The court here say:

"We think the order in question is not appealable. If the court below were of the opinion, as they very well might have been, upon the papers presented, that the facts relating to the fund in question, and the claims of the various parties inter-

ested therein, did not so sufficiently and clearly appear as to enable them intelligently to adjudicate upon the questions involved, it was clearly within their discretion to reverse the order made at Special Term and send the case back for further proceedings therein. Many reasons existed for adopting such a course.

"The questions as to how much of the fund still remained unexpended in the hands of the receiver; how much had been paid out by him, and whether any or all of such payments were authorized or not, and if any balance of the fund still remained in the hands of the receiver, who were the persons entitled to participation in its distribution, were all material and necessary facts which should be made to appear to the court before any order could properly be made for a distribution of such fund.

" Other persons than the petitioner are interested in the fund, and it may turn out that after deducting the amounts legally chargeable thereon, there is not sufficient to pay the plaintiff the amount claimed by her.

"It would be quite unjust to require the receiver to pay the plaintiff her claim in full when there are other claimants with equities equal to her's who might be prejudiced by such a payment.

" The order of the General Term was doubtless made in the form which it took for the purpose of enabling the plaintiff to renew her application to the court below for relief by way of reference or otherwise, in such manner as should enable all other parties interested to be heard upon the question of the distribution of these moneys, and to have the facts presented to the court in such a form as would enable them intelligently to decide upon the respective rights of all of the parties interested.

It is not intended, in this opinion, to indicate the principles upon which the distribution should be ordered by the court below, or whether it shall be ordered at all; but, we think, upon the case, even as it is now presented, that it is probable that the petitioner is entitled to some form of relief, and it is for the

purpose of having that relief administered that the proceedings are remitted to the Special Term."

RUGER, Ch. J., reads for dismissal of appeal.

All concur.

Appeal dismissed.